**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| K. HOVNANIAN OF HOUSTON II, L.L.C., d/b/a BRIGHTON HOMES, | |
| *Plaintiff*, | Civil Action No: |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ACE AMERICAN INSURANCE CO., | |
| *Defendant.* | |

## ORIGINAL COMPLAINT

Plaintiff K. Hovnanian of Houston II, L.L.C., d/b/a Brighton Homes ("K. Hovnanian") brings this Complaint for Breach of Contract and Declaratory Relief against Defendant ACE American Insurance Company ("ACE"), and in support states as follows:

## INTRODUCTION

1.    K. Hovnanian brings this action against ACE seeking damages for breach of contract and Texas Insurance Code violations, and to obtain a declaration of K. Hovnanian's rights pursuant to 28 U.S.C. §§ 2201, *et seq.*, arising from ACE's failure to pay K. Hovnanian's defense costs in connection with *John Tomaszewski & Heather Bryan v. K. Hovnanian of Houston II, L.L.C. d/b/a Brighton Homes and Airtron, Inc.*, pending in the 333rd Judicial District of Harris County, Texas, Case No. 2020-12139 (the "Underlying Lawsuit").

2.    ACE's has failed to honor its contractual obligations to K. Hovnanian as an additional insured under ACE's insurance policy (the "Policy"). Contrary to the terms of the Policy, and despite repeated demands, ACE has failed to provide a defense to K. Hovnanian in the

Underlying Lawsuit, despite property damage and bodily injury claims made against K. Hovnanian allegedly arising out of the work performed by Ace's named insured, Airtron, Inc.

3.    To date, K. Hovnanian has paid fees and costs to defend itself against the Underlying Lawsuit, which remains pending.

4.    K. Hovnanian seeks damages for ACE's failure to defend K. Hovnanian in the Underlying Lawsuit in breach of ACE's obligations under its policy.  Additionally, K. Hovnanian seeks a declaration of ACE's obligation to provide ongoing defense and indemnity coverage for K. Hovnanian in the Underlying Lawsuit.

## PARTIES

5.    Plaintiff K. Hovnanian is a limited liability company.  No member of K. Hovnanian is a citizen of the Commonwealth of Pennsylvania.

6.    Upon information and belief, Defendant ACE American Insurance Company is a domestic stock casualty insurance company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.  Upon information and belief, Defendant ACE American Insurance Company may receive service of process in Texas at its registered agent, C T Corporation System, 1999 Bryant St. Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over these parties and this dispute pursuant to 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000, exclusive of interests and costs. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

## FACTS

### The Independent Contractor Base Agreement

8.    On September 1, 2009, K. Hovnanian and Airtron entered into an Independent

Contractor Base Agreement (the "Airtron Agreement").  *See* Airtron Agreement, <u>Exhibit A</u>. Pursuant to the Airtron Agreement, Airtron (defined in the Airtron Agreement as the "Contractor") agreed to provide services for "the design and installation of [HVAC] system[s] for all plans and individual homes" constructed by K. Hovnanian.

9.      As relevant here, the Airtron Agreement required Airtron to obtain certain "Minimum Limits of Insurance Coverage" under a Comprehensive General Liability insurance policy, providing coverage for "contractual liability" and "primary and completed operations" liability.

10.     Airtron also agreed to obtain additional insured coverage for "Hovnanian Enterprises, Inc., its Subsidiaries and Affiliate Companies as Owner and General Contractor" that is "primary and non-contributory above any other insurance [K. Hovnanian] may carry."

**The Policy**

11.     ACE issued Policy No. OGLG25703364, for the one-year period beginning on January 1, 2014, to Centrica US Holdings Inc., and any subsidiary, associated, affiliated, allied or acquired company or corporation (including subsidiaries thereof) of which Centrica has more than a 50% ownership interest in or exercises management or financial control over, as named insureds. Airtron qualifies as a named insured under the ACE policy (the "Policy").  *See* Policy, <u>Exhibit B</u>.

12.     The Policy includes, in relevant part, Commercial General Liability Coverage, including Products-Completed Operations Hazard Coverage.

13.     The Policy provides a $10,000,000 general aggregate limit of liability and a $10,000,000 aggregate limit of liability for Products/Completed Operations.

14.     The Policy defines "Products-Completed Operations Hazard" as "all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your

product' or 'your work.'"

15.     "Your work" is defined as "[w]ork or operations performed by you or on your behalf," and "[m]aterials, parts or equipment furnished in connection with such work or operations."

16.     "Your work" also includes "[w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work.'"

17.     The Policy provides that ACE will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies.  [ACE] will have the right and duty to defend the insured against any 'suit' seeking those damages."

18.     The Policy contains an "Additional Insured – Owners, Lessees or Contractors – Completed Operations" Endorsement, which modifies the Commercial General Liability and Products/Completed Operations Coverage Parts to add as an additional insured "any Owner / Contractor whom you have agreed to include as an additional insured under a written contract:

---

POLICY NUMBER: OGL G25703364                                COMMERCIAL GENERAL LIABILITY
                                                                                    CG 20 37 10 01

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

Name of Person or Organization:
ANY OWNER/CONTRACTOR WHOM YOU HAVE AGREED TO INCLUDE AS AN ADDITIONAL
INSURED UNDER A WRITTEN CONTRACT.

Location And Description of Completed Operations: ANY LOCATION

Additional Premium:

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

Section II – Who Is An Insured  is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" at the location designated and described in the schedule of this endorsement performed for that insured and included in the "products-completed operations hazard".

---

4

19.     The Additional Insured Endorsement provides coverage (1) to any organization with whom Airtron has agreed to include as an additional insured under a written contract (2) at a location designated in the schedule ("ANY LOCATION") (3) for "liability arising out of 'your work' . . . performed for that insured and included in the 'products-completed operations hazard.'"

20.     Thus, the Additional Insured Endorsement provides coverage to K. Hovnanian for alleged liability arising out of Airtron's work for K. Hovnanian at the location described in the Underlying Lawsuit.

### The Underlying Lawsuit

21.     On February 21, 2020, Plaintiff homeowners John Tomaszewski and Heather Bryan (the "Homeowners") sued K. Hovnanian in the Underlying Lawsuit.  The Homeowners allege that, in the late summer of 2019, they discovered various structural and construction defects in their home, which they purchased from a third-party in 2016.

22.     On or about September 8, 2022, the Homeowners amended their petition to add Airtron as an additional defendant.  *See* Third Amended Petition, Exhibit C ("Third Am. Pet.").

23.     The Homeowners allege in their Third Amended Petition that Airtron was "responsible for the improper installation of the HVAC system" in their residence. *See* Third Am. Pet., ¶ 31.

24.     According to the Underlying Lawsuit, Airtron's improper installation of the HVAC system breached the Home Builder's Limited Warranty (the "Warranty") issued by K. Hovnanian, constitutes a latent defect, and caused bodily injury.

25.     The Homeowners also contend that Airtron's improper installation of the HVAC system breached the implied warranty of habitability.

26.     The Underlying Lawsuit further alleges that Airtron's improper installation of the HVAC system resulted in property damage, resulting in Homeowners incurring damages associated with: (a) "replacement of existing venting, duct work, and piping"; (b) "replacement of all accessible duct work in the attic"; (c) "replacement of both plenums in the attic air handling units multiple times"; (d) "repair and replacement of sheetrock damaged by the inadequate venting and duct work"; and (e) "reinstallation and replacement of the improperly installed evaporator coil." *See* Third Am. Pet., ¶ 23.

27.     On information and belief, ACE has assumed its duty to defend Airtron in the Underlying Lawsuit pursuant to the terms of the Policy.

28.     K. Hovnanian provided timely notice of the Underlying Lawsuit to Chubb and requested that Chubb provide it with a defense.  To date, Chubb has failed to defend K. Hovnanian in the Underlying Lawsuit.

**ACE is Obligated to Defend K. Hovnanian in the Underlying Lawsuit**

29.     Under Texas law, a duty to defend arises whenever there is the mere potential or possibility of coverage under the Policy.  An insurer may not refuse to defend unless the facts alleged in the Underlying Lawsuit do not even arguably fall within the policy's coverage grant or are completely and unequivocally excluded from coverage.  Neither of which are present here.

30.     K. Hovnanian, as an additional insured under the Policy, is entitled to defense and indemnity coverage for its alleged liability arising out of Airtron's work for the Homeowners.

31.     Because the Underlying Lawsuit alleges at least some damages within the scope of the Policy's Products-Completed Operations Coverage Part arising from Airtron's completed work, ACE is obligated to defend K. Hovnanian in the Underlying Lawsuit pursuant to the terms and limits of the Policy.

## CAUSES OF ACTION

### Breach of Contract

32.    K. Hovnanian repeats and re-alleges the foregoing allegations, which are incorporated by reference as if fully set forth herein.

33.    The Policy is a valid and enforceable insurance contract for which all premiums have been paid.

34.    All conditions, obligations, and requirements imposed by the Policy have been satisfied or waived.

35.    K. Hovnanian is an additional insured as defined by the Policy and is entitled to a defense in connection with the Underlying Lawsuit.

36.    Although ACE received timely notice of K. Hovnanian's request for a defense in the Underlying Lawsuit, and although, on information and belief, ACE has undertaken Airtron's defense in the Underlying Lawsuit, ACE has wrongfully failed to defend K. Hovnanian.

37.    By its prolonged failure to defend K. Hovnanian, ACE has breached the insurance contract.

### Prompt Payment Violation

38.    K. Hovnanian repeats and re-alleges the foregoing allegations, which are incorporated by reference as if fully set forth herein.

39.    ACE violated the statutory deadlines imposed by Texas Insurance Code Chapter 542 through its failure to promptly acknowledge, investigate, and pay all of K. Hovnanian's defense expenses in the Underlying Actions.

40.    K. Hovnanian timely notified ACE of the claims and provided all information necessary for ACE to provide a defense.  Nonetheless, ACE has failed to defend K. Hovnanian in

the Underlying Lawsuit or pay any of K. Hovnanian's defense costs.

41.     Accordingly, pursuant to Tex. Ins. Code § 542.060, ACE is liable to pay K. Hovnanian the full amount of its claim with interest, plus eighteen (18) percent per annum of the amount of K. Hovnanian's claim, together with reasonable attorneys' fees and costs.

**Declaratory Judgment – 28 U.S.C. § 2201 *et seq*.**

42.     K. Hovnanian repeats and re-alleges the foregoing allegations, which are incorporated by reference as if fully set forth herein.

43.     This is also an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201, et seq., in which K. Hovnanian seeks a judicial determination of the respective rights and obligations of K. Hovnanian and ACE with respect to an actual controversy concerning coverage under the Policy.

44.     The Underlying Lawsuit seeks damages against K. Hovnanian for property damage and bodily injury arising from Airtron's work, as defined by the Policy and included within the Products-Completed Operations Hazard Coverage Part.

45.     ACE is obligated to defend and indemnify K. Hovnanian in the Underlying Lawsuit as an additional insured under the Policy.

46.     An actual, justiciable controversy exists between K. Hovnanian and ACE as to ACE's ongoing obligation to defend and indemnify K. Hovnanian in the Underlying Lawsuit.

47.     K. Hovnanian seeks a declaration that ACE has an ongoing duty to defend and indemnify K. Hovnanian in the Underlying Lawsuit.

**ATTORNEYS' FEES**

48.     K. Hovnanian repeats and re-alleges the foregoing allegations, which are incorporated by reference as if fully set forth herein.

8

49.     Pursuant to chapter 38 of the Texas Civil Practice and Remedies Code, K. Hovnanian may recover reasonable attorneys' fees if its claim is for an oral or written contract.

50.     This action seeks recovery for a claim arising under a written insurance contract.

51.     K. Hovnanian is represented by legal counsel, it presented its claims under the Policy to ACE, and ACE failed to pay for more than 30 days.

52.     Bright Homes seeks all reasonable, necessary, equitable, and just attorneys' fees incurred in the prosecution of its claims against ACE under chapter 38 of the Texas Civil Practice and Remedies Code.  K. Hovnanian is also entitled to an award of its reasonable attorneys' fees against ACE pursuant to § 542.060 of the Texas Insurance Code

## PRAYER FOR RELIEF

WHEREFORE, K. Hovnanian requests judgment against ACE for:

(i)      Breach of ACE's duty to defend K. Hovnanian in the Underlying Lawsuit under the ACE Policy;

(ii)     Attorney's fees and defense-related costs incurred by K. Hovnanian in the Underlying Lawsuit;

(iii)    All reasonable and necessary attorney's fees and expenses incurred by K. Hovnanian in prosecuting this matter;

(iv)     Additional damages and penalties imposed by Chapter 542 of the Texas Insurance Code;

(v)      Pre-judgment and post-judgment interest at the maximum allowable rate;

(vi)     A declaration that ACE has an ongoing duty to defend and indemnify K. Hovnanian in the Underlying Lawsuit; and

(vii)    Such other and further relief to which K. Hovnanian may be justly entitled.

Respectfully submitted,

**REED SMITH LLP**

By: _/s/ J. James Cooper_____

     REED SMITH LLP

     J. James Cooper
     Tex. I.D. No. 04780010
     jcooper@reedsmith.com
     811 Main Street, Suite 1700
     Houston, Texas 77002
     Telephone: 713.469.3800
     Facsimile: 713.469.3899

     Elizabeth L. Taylor (*pro hac vice forthcoming*)
     225 Fifth Avenue
     Pittsburgh, Pennsylvania 15222
     Telephone: 412.288.3367
     Facsimile: 412.288.3063

     *Attorneys for Plaintiff K. Hovnanian of Houston II, L.L.C. d/b/a Brighton Homes*